[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
It is no excuse for not answering discovery requests, pursuant to a court order to do so, that the propounder already knows the information. A recognized purpose of committing a party to answering interrogatories is to impeach her if she varies her answers at trial and to prepare and lay the groundwork for that party's deposition.
If a party is genuinely unable to obtain requested information or documents, he should first seek an extension of time from the court so that he may use his best efforts and, if still unable to comply, should apply to the court to be excused from answering, explaining all of the measures which, he claims, establish his good faith efforts to comply.
The three words, "to be provided," do not answer the question asked in interrogatory 20. Parker v. Kowalkowski,
CT Page 3722 Superior Court, judicial district of Fairfield, No. 314226 (March 27, 1996) Neither does the reference to
 "5% Dr. Bessell and Dr. Fasano"
answer the eight sub-parts to interrogatory 21. Finally, the two sentences at the end of interrogatory 22 do not nearly answer the eight sub-parts to that interrogatory.
On the eve of the courts consideration of the defendant's notion, the plaintiff filed a pleading representing that he had "provided the defendant with a medical records authorization via facsimile," and referencing an "Exhibit A attached." This again does not constitute compliance.[1]
The motion for nonsuit (#103) is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court